IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Waqar Ashraf,

    Plaintiff,

  v.                         Case No. 2:19-cv-3575

Ohio Dept. of Rehabilitation
& Correction, et al.,

    Defendants.

ORDER

This is an action filed pursuant to 42 U.S.C. §1983 by plaintiff Waqar Ashraf, an Ohio inmate proceeding pro se, against the Ohio Department of Rehabilitation and Correction ("ODRC") and the Noble Correctional Institution ("NCI"). Plaintiff alleges that he suffered complications with breathing and rheumatoid arthritis following his exposure to carbon monoxide at NCI. On August 22, 2019, the magistrate judge entered an order denying without prejudice plaintiff's request for the appointment of counsel. The magistrate judge also filed a report and recommendation on the initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge concluded that plaintiff's complaint fails to state a claim against ODRC and NCI because suit against those defendants in federal court is barred by the Eleventh Amendment. She recommended that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2). Plaintiff filed an objection on September 5, 2019.

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Dismissal

under Rule 12(b)(6) is appropriate if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense. Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010).

The magistrate judge correctly found that plaintiff's claims against ODRC and NCI, both agencies of the State of Ohio, are barred by the Eleventh Amendment. See Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1983); Harrison v. Michigan, 722 F.3d 768, 771 (6th Cir. 2013). Plaintiff notes in his objection that the State of Ohio has consented to be sued in the Ohio Court of Claims. However, this consent does not constitute a waiver of the State's sovereign immunity from suit in federal court or a consent to federal jurisdiction. The dismissal of plaintiff's complaint against ODRC and NCI is warranted under §1915(e), as those defendants are entitled to Eleventh Amendment immunity. See Harrison, 772 F.3d at 771. Plaintiff's objection to the report and recommendation is denied .

The court agrees with the report and recommendation (Doc. 3), and it is hereby adopted. Plaintiff's claims against ODRC and NCI is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted, and the clerk of courts is directed to terminate those defendants on the docket. For the foregoing reasons, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this order adopting the report and recommendation would not be taken in good faith, and plaintiff is denied leave to appeal this order in forma pauperis.

In his objection, plaintiff also seeks leave to amend his

complaint to assert claims against the Director of ODRC and the Warden of NCI, and again requests that counsel be appointed. Plaintiff's renewed request for the appointment of counsel is denied without prejudice. Plaintiff's request for leave to file an amended complaint is granted. Any amended complaint shall be filed no later than thirty days from the date of this order.

Date: October 15, 2019          s/James L. Graham
                                James L. Graham
                                United States District Judge