IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WAQAR ASHRAF,**

    **Plaintiff,**

                                    Civil Action 2:19-cv-03575
                                    Judge James L. Graham
    v.                              Chief Magistrate Judge Elizabeth P. Deavers

**OHIO DEPT. OF REHABILITATION
& CORRECTION,** *et al.***,**

    **Defendants.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, a state inmate who is proceeding without the assistance of counsel, initiated this action on August 16, 2019, by filing a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.) On August 22, 2019, Plaintiff filed a Complaint against the Ohio Department of Rehabilitation and Correction ("ODRC") and Noble Correctional Institution ("NCI"). (ECF No. 2.) On August 22, 2019, the Undersigned granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* but recommended that the Court dismiss Plaintiff's Complaint for failing to state a claim upon which relief may be granted. (ECF No. 3.) Plaintiff objected to the Undersigned's recommendation on September 5, 2019. (ECF No. 4.) On October 15, 2019, Judge Graham adopted the Report and Recommendation, dismissing the Complaint as to both ODRC and NCI for failure to state a claim. (ECF No. 5.) Judge Graham's order granted Plaintiff leave to file an amended complaint. (*Id.*) Plaintiff filed an Amended Complaint on January 13, 2020. (ECF No. 9.)

This matter is before the Court for an initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  Having performed the initial screen of the Amended Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED** in its entirety.

Plaintiff's Amended Complaint lists as Defendants the Medical Department of the Ohio Department of Rehabilitation and Correction ("ODRC Medical") and Noble Correctional Institutions Medical Department ("NCI Medical").  (ECF No. 9 at 4.)  Plaintiff brings his claims under 28 U.S.C. § 1983 alleging cruel and unusual punishment.  (*Id.* at 5.)  He claims to have suffered "serious complications with [his] breathing[] and [his] rheumatoid arthritis" due to carbon monoxide exposure.  (*Id.*)  He acknowledges that his initial Complaint was denied for failure to state a claim due to Defendants' immunity, but says that he "invokes 28 U.S.C. 1442 . . . where federal agency's CAN be prosecuted."  (*Id.* at 6 (emphasis in original).)  In addition to his claim for cruel and unusual punishment, Plaintiff claims that NCI's Mail Department withheld vital pieces of his legal mail.  (*Id.* at 7.)  Plaintiff seeks damages in the amount of $150,000.  (*Id.* at 8.)

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>    \*  \*  \*
>
>  (B) the action or appeal--
>
>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

 To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1]Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

### A. Request for Counsel

Plaintiff moves for the appointment of counsel. (ECF No. 9 at 8.) This request is **DENIED WITHOUT PREJUDICE**. Although this Court has statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional

right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted).  Rather, "[i]t is a privilege that is justified only by exceptional circumstances."  *Id*. at 606.  The Court has evaluated whether such exceptional circumstances exist in this case and determines that the appointment of counsel is not warranted at this juncture.

    **B.  Initial Screen**

        Plaintiff asserts that on February 22, 2019, he "became overwhelmed by carbon monoxide at Noble Correctional Institution . . . [and that] due to the exposure [he] suffered [from] serious complications with [his] breathing[] and [his] rheumatoid arthritis."  (ECF No. 9 at 5.)  Plaintiff claims that he was treated at Marietta Memorial Hospital and that when he returned to NCI, his dosage for Humira had to be increased from three times per month to once per week.  (*Id.*)  Plaintiff filed a complaint with NCI.  The inspector determined there was no neglect or culpability.  (*Id.*)  Plaintiff asserts that "the National Ambient Air Quality Standards demand **more**" and that NCI has admitted that they do not follow these standards.  (*Id*. (emphasis in original).)

        Plaintiff's Amended Complaint has the same flaw as his original Complaint, and he has failed to state plausible claims for relief against ODRC Medical or NCI Medical.  The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent.  *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty*., 211 F.3d 331, 334 (6th Cir. 2000).  "It is well established that [28 U.S.C.] § 1983 does not abrogate the Eleventh Amendment."  *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Both ODRC Medical and NCI Medical are instrumentalities of the state of Ohio. *See Lowe v. Ohio Dep't of Rehab.*, No. 97-3971, 1998 WL 791817, at *2 (6th Cir. Nov. 4, 2008) (holding that a prisoner's claims against both ODRC and a state prison are barred by the Eleventh Amendment); *Clark v. Chillicothe Corr. Inst.*, No. 2:19-CV-954, 2019 WL 3406432, at *2 (S.D. Ohio July 29, 2019) (quoting *Garcia v. Lorain Cty. Court of Common Pleas*, No. 1:18-cv-00955, 2019 WL 1755649, at *4 (N.D. Ohio Apr. 19, 2019) ("State prisons . . . are 'considered arms-of-the-State for Eleventh Amendment immunity purposes."); *see also Francis v. Ohio Dep't of Rehab. & Correction*, No. 1:13 CV 986, 2013 WL 5406798, at *4 (N.D. Ohio Sept. 25, 2013) (finding that the medical department of a state prison is considered a subunit of a state agency such that claims against it are construed against the State of Ohio and are immune from suits for damages.)

Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Further, neither ODRC Medical nor NCI Medical are "persons" who can be held liable under § 1983. *Diaz v. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013). Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against ODRC Medical and NCI Medical is appropriate. *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison*, 722 F.3d at 771 (same).

### III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED** in its entirety. The Clerk is **DIRECTED** to send a copy of this

order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

7

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


**Date: February 27, 2020**              */s/ Elizabeth A. Preston Deavers*
                                         **ELIZABETH A. PRESTON DEAVERS**
                                         **CHIEF UNITED STATES MAGISTRATE JUDGE**