IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Waqar Ashraf,

    Plaintiff,

  v.                         Case No. 2:19-cv-3575

Ohio Dept. of Rehabilitation
& Correction, et al.,

    Defendants.

ORDER

This is an action filed pursuant to 42 U.S.C. §1983 by plaintiff Waqar Ashraf, an Ohio inmate proceeding pro se. In his original complaint, plaintiff named the Ohio Department of Rehabilitation and Correction ("ODRC") and the Noble Correctional Institution ("NCI") as defendants. On October 15, 2019, this court adopted the report and recommendation of the magistrate judge, who recommended that this action be dismissed for failure to state a claim because the defendants were agencies of the State of Ohio entitled to immunity under the Eleventh Amendment. Doc. 5. That order also granted plaintiff's request for leave to file an amended complaint. Plaintiff filed an amended complaint on January 13, 2020. See Doc. 9.

In his amended complaint, plaintiff named OCRD's Medical Department and NCI's Medical Department as defendants. Plaintiff alleges that the defendants inflicted cruel and unusual punishment when he suffered serious complications with his breathing and rheumatoid arthritis due to carbon monoxide exposure at NCI. On February 27, 2020, the magistrate judge filed a report and recommendation on the initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge concluded that plaintiff's amended complaint fails to state a claim against ODRC's Medical Department and NCI's Medical Department because suit against those Ohio agency defendants in federal court is barred by the Eleventh Amendment. She recommended that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2). Plaintiff filed an objection on March 16, 2020.

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6)

2

construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Dismissal under Rule 12(b)(6) is appropriate if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense. Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010).

  The magistrate judge correctly found that plaintiff's claims against ODRC's Medical Department and NCI's Medical Department, both agencies of the State of Ohio, are barred by the Eleventh Amendment. See Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1983); Harrison v. Michigan, 722 F.3d 768, 771 (6th Cir. 2013). Any action against these entities must be brought in the Ohio Court of Claims. Plaintiff argues that his Eighth Amendment claim is well founded, and urges this court to review his medical records. However, the alleged merits of his Eighth Amendment claim do not remove the Eleventh Amendment bar. Plaintiff also cites 28 U.S.C. §1442, which provides that a civil action or criminal prosecution that is commenced in state court against a federal officer or agency may be removed to federal court. That statute is

not applicable in this case.  The magistrate judge correctly concluded that the dismissal of plaintiff's complaint against ODRC's Medical Department and NCI's Medical Department is warranted, as those defendants are entitled to Eleventh Amendment immunity.  See Harrison, 772 F.3d at 771.  Nothing in plaintiff's objection to the report and recommendation convinces this court that the magistrate judge erred in that regard, and plaintiff's objection is denied.

The court agrees with the report and recommendation (Doc. 11), and it is hereby adopted.  This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.  For the foregoing reasons, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this order adopting the report and recommendation would not be taken in good faith, and plaintiff is denied leave to appeal this order in forma pauperis.

Date: April 30, 2020            s/James L. Graham
                                James L. Graham
                                United States District Judge